UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BERNAL'S PLACE, LLC d/b/a ARMANDO'S PLACE, et al.,**<br><br>*Defendants.* | Civil Action No. 18-15633<br><br>ORDER |

  **THIS MATTER** comes before the Court by way of Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff" or "J & J Sports") unopposed Renewed Motion for the Entry of Default Judgment,[1] ECF No. 16, against Defendant Bernal's Place, LLC d/b/a Armando's Place ("Armando's Place");

  and it appearing that this action arises out of Armando's Place and Virgilio A. Bernal ("Bernal" and together with Armando's Place, the "Defendants") unlawful interception, reception, publication, divulgence, display, exhibition, and tortious conversion of the televised program "Jessie Vargas v. Manny Pacquiao, WBO Welterweight Championship Fight Program" (the "Program") on November 5, 2016, Compl. ¶¶ 3, 20, ECF No. 1;

  and it appearing that Plaintiff is a closed-circuit distributor of sports and entertainment programming, Joseph M. Gagliardi Affidavit ("Gagliardi Aff.") ¶ 3, ECF No. 8.1;

  and it appearing that Armando's Place is a New Jersey domestic limited liability company, Compl. ¶ 6;

---

[1] In deciding whether entry of default is warranted, the Court treats "the factual allegations in a complaint, other than those as to damages . . . as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that pursuant to a contract, Plaintiff had the exclusive nationwide commercial distribution rights to the Program telecast and accompanying undercard bouts and fight commentary on November 5, 2016, id. ¶ 20;

and it appearing that Plaintiff entered into sublicensing agreements with various commercial entities that granted those entities limited rights to publicly exhibit the Program, id. ¶ 21;

and it appearing that Defendants never lawfully licensed the Program from Plaintiff, Gagliardi Aff. ¶ 7;

and it appearing that on November 5, 2016, Bernal willfully directed, authorized, and/or otherwise permitted Armando's Place employees to unlawfully intercept, receive, and broadcast the Program at Armando's Place, Compl. ¶¶ 13, 15-16, 24;

and it appearing that on November 5, 2016, investigator Dustin Vilardo ("Vilardo") observed the Program on five televisions inside of Armando's Place, Gagliardi Aff. Ex. B;

and it appearing that at the time of the Program broadcast, Vilardo observed 24 patrons inside Armando's Place, although the establishment had the capacity to hold approximately 60 people; id.;

and it appearing that Vilardo did not pay a cover charge to enter Armando's Place, id.;

and it appearing that the sublicense fee for an establishment of Armando's Place's capacity was $2,000.00, Gagliardi Aff. ¶ 8;

and it appearing that the unlawful broadcast of the Program resulted in increased profits for Armando's Place from the patrons that observed the broadcast in the bar, Compl. ¶ 17;

and it appearing that on November 2, 2018, Plaintiff filed a Complaint against Defendants alleging: (1) unlawful interception of the Program by satellite transmission, in violation of 47

U.S.C. § 605 (Count I); (2) in the alternative, unlawful interception of the Program by cable system in violation of 47 U.S.C. § 553 (Count II); (3) common law conversion (Count III); (4) unlawful interference with prospective economic advantage (Count IV); (5) unlawful interference with contractual relations (Count V); and (6) unjust enrichment (Count VI), id. ¶¶ 19-54;

and it appearing that on February 22, 2019, Plaintiff requested that the Clerk of the Court enter default against Defendants, ECF No. 6, which the Clerk entered on February 24, 2019;

and it appearing that on October 29, 2019, Plaintiff filed a Motion for Default Judgment against Defendants, ECF No. 8, which the Court granted as to Bernal but denied as to Armando's Place, explaining that the Court was unable to determine whether Armando's Place had been properly served because Plaintiff failed to specify the nature of the agency relationship between Armando's Place and Lucia Rios—the individual who accepted service of the Summons and Complaint on behalf of Armando's Place. ECF No. 10 ("Default Judgment Order") at 4-5;[2]

and it appearing that thereafter, Plaintiff again effectuated service on Armando's Place, see ECF No. 14, and requested that the Clerk enter default against Armando's Place, ECF No. 15, which the Clerk entered on July 10, 2020;

and it appearing that Plaintiff filed the instant Renewed Motion for Default Judgment against Armando's Place on February 4, 2020, ECF No. 16;

and it appearing that a default judgment may be entered only against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

---

[2] As to Bernal, the Court concluded that default judgment was warranted, ordering $2,000.00 in damages, and allowing Plaintiff to submit a request for costs and attorneys' fees within thirty (30) days of the Order. Default Judgment Order at 9. Plaintiff then filed a letter explaining that it intended to effect proper service on Armando's Place and would then file the at-issue Renewed Motion for Default Judgment. ECF No. 12. The Court subsequently agreed to allow Plaintiff to file for fees and costs 30 days after a decision is rendered on the Renewed Motion for Default Judgment. ECF No. 13.

and it appearing that Plaintiff has now properly served Armando's Place, as Plaintiff secured service on Bernal personally, who is the registered agent and sole officer/member of Armando's Place, see ECF No. 14; see also ECF No. 8.2 at 9-10 (Ex. B to Certification of Michael J. Peters, which indicates that Bernal is the registered agent and sole principal of Armando's Place); Fed. R. Civ. P. 4(h)(1)(B) (authorizing service on an "officer" of the corporate entity as well as an "agent authorized by appointment or by law to receive service of process");

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has federal question jurisdiction over Plaintiff's claim brought under Section 553, see 28 U.S.C. § 1331;[3]

and it appearing that the Court has personal jurisdiction over Armando's Place as a corporation with its principal place of business in New Jersey, ECF No. 8.2 at 9-10; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently states a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that to establish liability under Section 553, a plaintiff must demonstrate: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and

---

[3] In its Brief in Support of the instant Renewed Motion, ECF No. 16.2, Plaintiff mainly relies upon and cross-references its Brief in Support of the Motion for Default Judgment, ECF No. 8.3. As the Court explained in the Default Judgment Order, in that Motion Plaintiff appeared to move for default judgment only on its Section 605 claim, see ECF No. 8.3 at 4, 9, 24. That said, "[w]hile Plaintiff is seeking default judgment under § 605, there is a presumption in favor of § 553 at the default judgment stage where the plaintiff produces no evidence of an interception of satellite, as opposed to cable, transmissions." Joe Hand Promotions, Inc. v. Forupk LLC, No. 19-07970, 2020 WL 1864582, at *2 (D.N.J. Apr. 14, 2020) (internal citations and quotation marks omitted). For that reason, the Court interprets Plaintiff's motion under Section 553.

4

(3) publication," J&J Sports Prods., Inc. v. Ramsey, 757 F. App'x 93, 95 (3d Cir. 2018) (citing 47 U.S.C. §§ 553(a), 605(a));

and it appearing that the Complaint alleges facts that satisfy these three elements because Plaintiff had the exclusive right to distribute the Program, Compl. ¶ 20, Plaintiff did not license the Program to Defendants, Gagliardi Aff. ¶ 7, and Plaintiff's investigator observed the Program broadcast on five televisions inside of Armando's Place with 24 patrons present, Gagliardi Aff. Ex. B;

and it appearing that Plaintiff has therefore stated a claim for relief under Section 553;

and it appearing that before granting default, the Court must also make explicit factual findings as to: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) (quotation marks and citation omitted);

and it appearing that Plaintiff will suffer prejudice if no action is taken because "Plaintiff has no other method of seeking damages for the harm caused by Defendant other than the current suit," Joe Hand Promotions, Inc. v. Singleton, No. 17-13687, 2018 WL 3054683, at *4 (D.N.J. June 20, 2018);

and it appearing that Armando's Place does not have a meritorious defense because it "has not responded and the record does not support any defenses," J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC, No. 18-8819, 2019 WL 3402494, at *4 (D.N.J. July 26, 2019) (internal citation and quotation marks omitted);

and it appearing that Bernal's "failure to respond permits the Court to draw an inference of culpability on [his] part," Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013);

and it appearing that entry of a default judgment against Armando's Place is therefore proper;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that Plaintiff seeks to recover statutory damages and enhanced damages for the violation of Section 553, see ECF No. 8.3 at 9-10;

and it appearing that with respect to statutory damages, while Plaintiff seeks to recover "at least" treble the amount of its commercial licensing fee, see id. at 16, "[c]ourts in this District . . . have consistently looked to actual damages—i.e., the cost of the licensing fee—to measure the appropriate statutory damages," G&G Closed Circuit Events, LLC v. Don Tequila Bar & Grill L.L.C., No. 19-84, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020) (collecting cases);

and it appearing that the Court will therefore hold Armando's Place jointly and severally liable for the $2,000.00 already awarded against Bernal in this case, as $2,000.00 is the cost of Plaintiff's commercial licensing fee, and Plaintiff has not provided any other evidence of damages suffered;

and it appearing that Section 553 also "provides for enhanced damages in the court's discretion of up to $50,000 if the violation was committed 'willfully' and 'for purposes of commercial advantage or private financial gain,'" J & J Sports Prods., Inc. v. Maglietta ("Maglietta"), No. 17-1960, 2019 WL 2443041, at *6 (E.D. Pa. June 11, 2019) (citing 47 U.S.C. § 553(c)(3)(B));

and it appearing that the Court concludes that an enhanced damages figure of $2,500, slightly more than the cost of the licensing fee, "appropriately balance[s] the need for deterrence

against potential harm to [Armando's Place's] business from the imposition of significant damages," J & J Sports Prods., Inc. v. Hackett, 269 F. Supp. 3d 658, 666 (E.D. Pa. 2017); see also Maglietta, 2019 WL 2443041, at *6 (explaining that a multiplier of three to six times the award of statutory damages, an approach used by some courts to calculated enhanced damages, is not appropriate when there is no allegation of repeated misconduct and when defendant did not charge a cover, among other factors);

and it appearing that the Court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails," 47 U.S.C. § 553(c)(2)(C);

**IT IS** on this 9th day of September, 2021;

**ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 16, is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court enter judgment against Armando's Place in the amount of $2,500.00, consisting of (a) the $2,000.00 in statutory damages previously awarded against Bernal, for which Armando's Place and Bernal shall be jointly and severally liable; and (b) an additional $500.00 in enhanced damages; and it is further

**ORDERED** that Plaintiff may submit a request for costs and attorneys' fees within 30 days of the date of this Order.

.

                                           */s Madeline Cox Arleo*
                                           **MADELINE COX ARLEO**
                                           **UNITED STATES DISTRICT JUDGE**